An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

AMADEO J. SANCHEZ,
Appellant,
vs.
THE STATE OF NEVADA, IN
RELATION TO THE NEVADA
DEPARTMENT OF CORRECTIONS;
AND RENEE BAKER, INDIVIDUALLY
AND OFFICIALLY,
Respondents.

No. 62699

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order granting a motion for summary judgment in a civil rights action. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

Appellant, an inmate, filed a complaint against respondents alleging that they violated his First Amendment rights under the United States Constitution by refusing to deliver his mail. In particular, the complaint asserted that the subject mail was withheld because it violated Nevada Department of Corrections' (NDOC) administrative regulations by exceeding the allowed number of pages. *See* NDOC AR 750.03(5)(A) (2011) (noting that enclosures may not exceed ten pages per envelope plus the letter and that enclosures such as newspaper or magazine articles and website printouts are limited to one such item which may not exceed ten pages).[1] The district court ultimately granted summary judgment to

---

[1]Appellant makes an argument that respondents mistakenly referred to the enclosure as a brochure when it was actually a catalog. Regardless of whether the enclosure was a brochure or a catalog, AR
*continued on next page...*

14-15631

respondents, ruling that the applicable regulation was reasonably related to a legitimate penological interest, and therefore, did not violate appellant's First Amendment rights. This appeal followed.

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*

On appeal, appellant summarily argues that he presented genuine issues of material fact that would preclude summary judgment, but he failed to identify any such issues of fact either in the district court or on appeal. *See Wood*, 121 Nev. at 730-31, 121 P.3d at 1030 (requiring the presentation of specific facts to oppose summary judgment, not mere conclusory allegations). Thus, no genuine issues of material fact were presented that would prevent the district court from granting summary judgment in respondents' favor. *Id.*

Appellant also asserts that the district court erred by granting summary judgment without allowing him to proceed with discovery. But in requesting further discovery in opposing summary judgment, appellant failed to identify what discoverable information he sought to oppose the summary judgment motion. As a result, the district court did not abuse its discretion in denying appellant's request for further discovery. *See* NRCP 56(f) (requiring a party requesting discovery in opposition to a

---

*...continued*
750.03(5)(A) limits the documents to ten pages. Thus, appellant's distinction is inconsequential to our decision on appeal.

motion for summary judgment to state in an affidavit the reasons the party cannot currently oppose the motion); *Francis v. Winn Las Vegas, LLC* 127 Nev. ___, ___, 262 P.3d 705, 714 (2011) (noting that the denial of an NRCP 56(f) request is reviewed for an abuse of discretion and holding that denial of such a request is appropriate if the requesting party failed to state how additional discovery will lead to the creation of a genuine issue of material fact).

Finally, appellant argues that NDOC AR 750.03(5)(A) violates his First Amendment rights by impinging on his freedom of speech, so that the district court erred as a matter of law in granting respondents summary judgment. A prison regulation that affects constitutional rights is valid "if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). To determine if a regulation meets this standard, courts must assess the existence of a valid rational connection between the regulation and the proffered government interest; whether there are alternative means for inmates to exercise the affected right; whether an accommodation would negatively impact guards, other inmates, or the allocation of prison resources; and, whether there are any alternatives that would not infringe on legitimate penological interests. *Id.* at 89-90. In First Amendment cases, it is also important for courts to evaluate the content neutrality of the regulation. *Id.* at 90.

Based on the parties' arguments, the appellate record, and the *Turner* factors, we conclude that the district court did not err in granting summary judgment because NDOC AR 750.03(5)(A) is reasonably related to a legitimate penological interest. Here, respondents have a legitimate penological interest in ensuring the safety and security of the inmates, guards, and other persons at the prison. *See id.* at 93 (recognizing security

and safety as valid penological interests). And, as respondents noted below, NDOC AR 705.03(5)(A) is rationally connected to these interests because it prevents incoming contraband and decreases the likelihood that inmates will communicate with others via coded messages or that significant mail accumulation will create fire hazards in the cells.

Additionally, alternative means exists to allow appellant to exercise his constitutional rights, such as requesting that materials be sent in multiple mailings so that the enclosures do not exceed the ten-page per-letter limit. *See id.* at 90. With regard to the remaining *Turner* factors, respondents demonstrated that removal of the regulation would greatly impact the allocation of prison resources because additional personnel would be needed to review the larger volume of incoming mail, and appellant failed to suggest any less restrictive alternatives to the regulation, thereby demonstrating its reasonableness. *See id.* at 90-91. Finally, the regulation is content neutral as it applies equally to all mail regardless of content. *See id.* at 90.

In light of the above analysis, and having concluded that appellant's remaining arguments lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Steve L. Dobrescu, District Judge
Amadeo J. Sanchez
Attorney General/Carson City
White Pine County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A